**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Sudberry, et al., | No. CV 09-00779-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

On April 16, 2009, this case was removed from Maricopa County Superior Court. The Complaint alleged a wrongful death claim under A.R.S. § 12-611, *et seq.*, against all Defendants and a civil rights claim under 42 U.S.C. § 1983 against Defendant Cynthia Mancinelli. On April 21, 2010, the City of Phoenix was granted summary judgment in its favor on the state law claim. On August 19, 2010, all claims and causes of action against the remaining Defendants were dismissed with prejudice upon stipulation. No federal law claims were ever alleged against the City of Phoenix. On January 17, 2012, the formal mandate of the Court of Appeals issued, vacating the grant of summary judgment in favor of the City of Phoenix and remanding the case for further proceedings. On January 19, 2012, the parties were ordered to show cause by February 3, 2012, why this case should not be remanded to the Maricopa County Superior Court pursuant to 28 U.S.C. § 1367.

Under 28 U.S.C. § 1367, if district courts have original jurisdiction over a civil action, they may exercise supplemental jurisdiction over a related claim that forms part of the same case or controversy. It may decline to do so if certain factors are satisfied:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, all claims over which the Court has original jurisdiction have been dismissed.

What remains for determination by a jury is whether the gross negligence of the Phoenix Police Department contributed to the murder of Plaintiff's daughter. The Ninth Circuit held that Plaintiff introduced sufficient evidence that a reasonable jury could find the Phoenix Police Department's inaction was grossly negligent and a substantial factor in Plaintiff's daughter's death. This claim raises important issues of State law, and the state appellate courts would provide authoritative redress on appeal after trial if needed.

Moreover, Plaintiff chose the Arizona courts as the initial forum, and the limited resources of this Court, now under a formal Declaration of Judicial Emergency, may be better devoted to cases for which the state court is not an equal forum. *See In re Approval of Judicial Emergency Declared in the District of Arizona*, 639 F.3d 970 (9th Cir. Jud. C. 2011). Nevertheless, judicial economy would favor retention of jurisdiction by this Court if remand would burden a Superior Court judge with duplication of judicial work already done here. That consideration is diminished in this case because this Court concluded its work on this case a year and a half ago. Moreover, the systemic benefit of ultimate state court resolution, in the event of post-trial appeal, of important questions of state law and policy tips the balance strongly in favor of remand.

1    IT IS THEREFORE ORDERED remanding this case to the Maricopa County
2 Superior Court pursuant to 28 U.S.C. § 1367.
3    DATED this 6th day of February, 2012.

*Neil V. Wake*
Neil V. Wake
United States District Judge